UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

03cv 12493 RCL

CIVIL ACTION NO. _____

FILED IN CLERKS OFFICE
2003 DEC 11  A 11:41
U.S. DISTRICT COURT
DISTRICT OF MASS.

AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
12/11/03

MELISSA SEPPI,                                )
           PLAINTIFF                          )
                    MAGISTRATE JUDGE Cohen    )
VS.                                           )
                                              )
                                              )
MEZZANOTTE, LLC d/b/a VISION NIGHTCLUB        )
and FRANK C. AMATO,                           )
           DEFENDANTS                         )

**COMPLAINT**

INTRODUCTORY STATEMENT

1. This is a civil action by the plaintiff seeking to recover compensatory damages for personal injuries arising out of the negligent furnishing of alcohol to a minor.

JURISDICTION

2. The United States District Court for the District of Massachusetts has jurisdiction over this matter as conferred upon pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391.

PARTIES

3. The plaintiff, Melissa Seppi, is a citizen of the United States and a resident of Nashua, New Hampshire.

4. The defendant, Mezzanotte, LLC d/b/a Vision Nightclub, (hereinafter referred to as "MEZZANOTTE") is a duly organized and existing Massachusetts corporation, and for the purposes of 28 U.S.C. 1332 is a citizen of the State of Massachusetts.

5. The defendant, Mezzanotte, has its principle place of business in Saugus, Massachusetts and it is in said Commonwealth of Massachusetts that the Defendant Corporation transacts its centralized general supervision of its business.

6. The defendant, Frank C. Amato, is a resident of the United States and a resident of Peabody, Massachusetts.

FACTS

1

7. At all times material hereto, the defendant, Mezzanotte, operated a nightclub at 168 Broadway in Saugus, Massachusetts known as Vision Nightclub (hereinafter referred to as "VISION").

8. At all times material hereto, the defendant, Frank C. Amato, was the holder of the liquor license issued for the sale of alcohol at Vision.

9. On November 15, 2002, the plaintiff and her friend, Meghan Putnum, were invited to Vision by Ms. Putnum's boyfriend, Joshua Spitaleri, a part-time DJ at Vision.

10. The plaintiff and Ms. Putnum arrived at Vision and upon entering the nightclub Ms. Putnum was identified as a minor (under the age of twenty-one) and her hand was stamped to prohibit her from purchasing alcohol.

11. Ms. Putnum then met up with Mr. Spitaleri, who obtained from the Vision a bracelet for Ms. Putnum so as to allow Ms. Putnum to purchase and consume alcohol on the premises.

12. The plaintiff and Ms. Putnum did not socialize while inside Vision.

13. Ms. Putnum, a minor, was served, furnished and drank at least three Long Island Iced Teas (an alcoholic beverage) between 12:30 AM and 2:00 AM while at Vision, and was served and furnished alcohol after 1 AM, the legal closing time for Vision.

14. Upon leaving Vision at approximately 2 AM Ms. Putnum, with the plaintiff as a passenger, drove a motor vehicle from Vision attempting to return home to Nashua, New Hampshire.

15. At approximately 2:15 AM (November 16, 2003) the vehicle, being operated by Ms. Putnum, collided with a jersey barrier on Route 128 South in Wakefield, Massachusetts and then flipped over, ejecting both the plaintiff and Ms. Putnum from the vehicle.

16. While lying injured in the roadway, the plaintiff was immediately run over by a passing vehicle being who was unable to avoid the plaintiff.

17. As a result of her injuries sustained on November 16, 2002, the plaintiff has suffered a multitude of injuries including:

   a. Left grade 3 open tib-flb fracture with current prominent distal interlocking screw, status post tibial IM nailing with free flap.
   b. Right femur fracture, status post IM nailing.
   c. Bilateral sacral fracture.
   d. Left L5 transverse process fracture.
   e. Left pubic ramus fracture.
   f. Right medial malleolar fracture.
   g. Left third metatarsal fracture.
   h. Right thigh degloving.

    i. Left ankle soft tissue trauma.
    j. Closed head injury with neuropsychological deficits of memory and concentration and headaches.
    k. Tinnitis.
    l. Depression.

18. The plaintiff has undergone more than five surgeries and has incurred in excess of $500,000 in medical expenses and has lost approximately eight months from work and has suffered extensive and permanent scarring.

## CLAIMS FOR RELIEF

### COUNT I

19. The plaintiff, Melissa Seppi, incorporates by reference paragraphs 1 through 17 above of this complaint as if they were realleged in full.

20. Pursuant to Massachusetts General Laws c. 138, § 34, the defendant, Mezzanotte, had a duty to the plaintiff not to furnish alcoholic beverages to anyone under the age of twenty-one.

21. The defendant, Mezzanotte, by and through its employees, servants or agents, breached said duty by allowing Meghan Putnum to consume alcohol furnished by Vision.

22. As a result of this breach of duty by the defendant, Mezzanotte, the plaintiff suffered severe personal injuries, suffered great pain of body and mind, was caused to be disabled, incurred expenses for medical care and treatment, lost time and income from regular employment, and the plaintiff's ability to enjoy life, earn income, and attend to usual activities has been greatly damaged.

WHEREFORE, the plaintiff, Melissa Seppi, demands that he be awarded judgment against the defendant, Mezzanotte, LLC, in an amount of three million five hundred thousand dollars ($3,500,000.00) together with interest, costs and other relief as this Court may deem appropriate.

### COUNT II

23. The plaintiff, Melissa Seppi, incorporates by reference Count I above of this complaint as if they were realleged in full.

24. Pursuant to Massachusetts General Laws c. 138, § 34, the defendant, Frank C. Amato, as the holder of the liquor license for Vision, had a duty to the plaintiff to insure that the employees, servants or agents of Vision did not furnish alcoholic beverages to anyone under the age of twenty-one.

25. The defendant, Frank C. Amato, breached said duty by allowing Meghan Putnum to consume alcohol furnished by Vision.

26. As a result of this breach of duty by the defendant, Frank C. Amato, the plaintiff suffered severe personal injuries, suffered great pain of body and mind, was caused to be disabled, incurred expenses for medical care and treatment, lost time and income from regular employment, and the plaintiff's ability to enjoy life, earn income, and attend to usual activities has been greatly damaged.

WHEREFORE, the plaintiff, Melissa Seppi, demands that he be awarded judgment against the defendant, Frank C. Amato, in an amount of three million five hundred thousand dollars ($3,500,000.00) together with interest, costs and other relief as this Court may deem appropriate.

## COUNT III

27. The plaintiff, Melissa Seppi, incorporates by reference Counts 1 and II above of this complaint as if they were realleged in full.

28. The defendant, Mezzanotte, had a duty to the plaintiff secure the bracelets which allow patrons to purchase alcoholic beverages to insure no under the age of twenty-one obtained such a bracelet.

29. The defendant, Mezzanotte, by and through its employees, servants or agents, breached said duty by permitting Meghan Putnum to obtain such a bracelet and consume alcohol, furnish and serve her alcohol; furnish and serve her alcohol after 1 AM and furnish and serve her alcohol despite the fact that her hand had been stamped with a stamp that indicated that she was underage.

30. As a result of this breach of duty by the defendant, Mezzanotte, the plaintiff suffered severe personal injuries, suffered great pain of body and mind, was caused to be disabled, incurred expenses for medical care and treatment, lost time and income from regular employment, and the plaintiff's ability to enjoy life, earn income, and attend to usual activities has been greatly damaged.

WHEREFORE, the plaintiff, Melissa Seppi, demands that he be awarded judgment against the defendant, Mezzanotte, LLC, in an amount of three million five hundred thousand dollars ($3,500,000.00) together with interest, costs and other relief as this Court may deem appropriate.

## COUNT IV

31. The plaintiff, Melissa Seppi, incorporates by reference Counts I through III above of this complaint as if they were realleged in full.

32. The defendant, Frank C. Amato, as the holder of the liquor license for Vision, had a duty to the plaintiff to insure that the bracelets which allow patrons to purchase alcoholic beverages were secure so as not to allow anyone under the age of twenty-one to obtain such a bracelet.

33. The defendant, Frank C. Amato, breached said duty by permitting Meghan Putnum to obtain such a bracelet and consume alcohol; her to be served alcohol; her to be served alcohol after 1 AM and permitting her to be served her alcohol despite the fact that her hand had been stamped with a stamp that indicated that she was underage.

34. As a result of this breach of duty by the defendant, Frank C. Amato, the plaintiff suffered severe personal injuries, suffered great pain of body and mind, was caused to be disabled, incurred expenses for medical care and treatment, lost time and income from regular employment, and the plaintiff's ability to enjoy life, earn income, and attend to usual activities has been greatly damaged.

WHEREFORE, the plaintiff, Melissa Seppi, demands that he be awarded judgment against the defendant, Frank C. Amato, in an amount of three million five hundred thousand dollars ($3,500,000.00) together with interest, costs and other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

                              MELISSA SEPPI,
                              By her attorney,

                              _____
                              Edward F. Wallace, Esq.
                              BBO#: 513540
                              Law Offices of Edward F. Wallace, P.C.
                              11 School St.
                              N. Chelmsford, MA  01863
                              (978) 250-8887

Dated: <u>December 10, 2003</u>