UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELISSA SEPPI,<br>      Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>      Defendants. | C.A. NO.: 03CV12493 RCL |

### DEFENDANT MEZZANOTTE, LLC d/b/a VISION NIGHTCLUB'S ANSWER AND JURY DEMAND

Now comes Defendant Mezzanotte, LLC d/b/a Vision Nightclub ("Vision") in the above-entitled matter, and answers the plaintiff's complaint as follows:

### INTRODUCTORY STATEMENT

1. No answer required.

### JURISDICTION

2. Neither admitted nor denied as the allegations call for legal conclusions.

### PARTIES

3. Neither admitted nor denied for lack of sufficient information.

4. Neither admitted nor denied as the allegations call for legal conclusions.

5. Defendant admits Vision Nightclub is located in Saugus, Massachusetts; otherwise neither admitted nor denied.

6. Neither admitted nor denied for lack of sufficient information.

### FACTS

7. Admitted.

8. Neither admitted nor denied for lack of sufficient information.

9. Neither admitted nor denied for lack of sufficient information.

10. Neither admitted nor denied for lack of sufficient information.

11. Neither admitted nor denied for lack of sufficient information.

12. Neither admitted nor denied for lack of sufficient information.

13. Neither admitted nor denied for lack of sufficient information.

14. Neither admitted nor denied for lack of sufficient information.

15. Neither admitted nor denied for lack of sufficient information.

16. Neither admitted nor denied for lack of sufficient information.

17. Neither admitted nor denied for lack of sufficient information.

   (a.)-(l.) Neither admitted nor denied for lack of sufficient information.

18. Neither admitted nor denied for lack of sufficient information.

## CLAIMS FOR RELIEF

## COUNT I

19. Defendant reasserts and realleges all answers in paragraphs 1 through 18 above, and incorporates each herein by reference.

20. Denied.

21. Denied.

22. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to any relief.

## COUNT II

23. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

24. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

25. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

26. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

## COUNT III

27. Defendant reasserts and realleges all answers in paragraphs 1 through 26 above, and incorporates each herein by reference.

28. Denied.

29. Denied.

30. Denied.

WHEREFORE, defendant denies that the plaintiff is entitled to any relief.

## COUNT IV

31. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

32. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

33. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

34. No answer is required as the allegations in this paragraph are directed to another defendant. Defendant Vision denies the allegations to the extent they are directed at him.

## FIRST DEFENSE

Process and service of process are insufficient.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

If plaintiff was injured or damaged as alleged, which is denied, said injury or damage was not a result of the acts or omissions of anyone for whom the defendant is legally liable or responsible.

## FOURTH DEFENSE

The plaintiff's own negligence caused or contributed to the accident or injuries alleged to such a degree as to bar recovery, but if plaintiff is entitled to recover in this action, his damages must be reduced by the percentage of negligence attributed to the plaintiff.

## FIFTH DEFENSE

If plaintiffs were damaged as alleged, which the defendants expressly deny, such damages were caused by the intervening or superseding negligence and conduct of others for which the defendants are neither legally responsible nor liable.

## SIXTH DEFENSE

The claims raised by the plaintiff's Complaint are barred in whole or in part by the applicable provisions of M.G.L. c. 231, § 6(d).

## SEVENTH DEFENSE

Plaintiff was guilty of violations of law, statute or ordinance which bars recovery.

## EIGHTH DEFENSE

Plaintiff has failed to commence this action against an indispensable party.

## NINTH DEFENSE

Plaintiff has failed to comply with the conditions precedent to maintaining this action.

## TENTH DEFENSE

Plaintiff has failed to comply with M.G.L. c. 231, § 60J, thereby barring recovery.

## ELEVENTH DEFENSE

The plaintiff and her companion violated M.G.L. c. 138, §34A, which directly caused any alleged injury or harm.

## TWELFTH DEFENSE

Plaintiff knowingly entered the vehicle of an alleged intoxicated person and thereby caused her own injuries.

## THIRTEENTH DEFENSE

Plaintiff already has been compensated for said injuries.

## FOURTEENTH DEFENSE

This action is barred by release.

## **JURY DEMAND**

The defendant hereby demands a trial by jury on all claims.

MEZZANOTTE, LLC d/b/a
VISION NIGHTCLUB
By its attorneys,


/s/ Kevin G. Kenneally

John A. Donovan, Jr.
BBO No. 130600
Kevin G. Kenneally
BBO No. 550050
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: January 21, 2004

00804995/23809.1