UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


**MELISSA SEPPI**
        Plaintiff

v.                              C.A. No. **03-12493-RCL**

**MEZZANOTTE, LLC**
        Defendant



ORDER FOR FINAL PRE-TRIAL CONFERENCE

The above-entitled action is scheduled for a final pretrial conference on **November 10, 2005**, at **3:00PM** in Courtroom #11, 5th floor, U.S. District Court, Boston, Massachusetts.  Counsel shall be prepared to commence trial of this action on or after **(to be determined at the pretrial conference)**.  Unless excused by the Court, each party shall be represented at the pretrial conference by counsel who will conduct the trial.

Counsel for all parties shall meet prior to the final pretrial conference to:

(1) explore the possibility of settlement of this action;

(2) draft and sign a stipulation as to all uncontested facts;

(3) narrow the issues to be tried;

(4) exhibit to all parties any and all photographs, documents, instruments and other objects any party intends

to offer as exhibits at trial;

(5) give notice to all parties of the names and addresses of witnesses a party intends to call at trial, including the names and qualifications of any expert witnesses;

(6)  in jury cases, discuss proposed jury instructions.

(7)  Counsel shall prepare and file, either jointly or separately, a pretrial memorandum which shall set forth the following information.

(a)  The names, addresses and telephone numbers of trial counsel.

(b)  A concise summary of the positions asserted by the plaintiff(s), defendant(s) and any other parties with respect to both liability and relief sought.

(c)  Whether any claims or defenses have been or will be waived or otherwise not pursued at trial.

(d)  A statement of the facts established by the pleadings, stipulations of counsel and admissions.  <u>Counsel shall stipulate all facts not in genuine dispute.</u>

(e)  Contested issues of fact.

(f)  Any jurisdictional questions.

(g)  Any questions raised by pending motions.

(h)  Issues of law, including evidentiary questions, together with supporting authority.  (Any party wishing to present a matter to the court by way of a motion in limine shall

file such motion as a separate document at the time of the filing
of the pretrial memorandum.)

(i)  Any requested amendments to the pleadings.

(j)  Any additional matters to aid in the disposition of the
action.

(k)   The probable length of trial (court's customary trial
day is from 9:00AM to 1:00PM with a break of about 25 minutes at
11:00AM).

(l)   A list of the names and addresses of witnesses who
will testify at trial and the purpose of the testimony of each
witness, i.e., whether factual, medical, or other expert, etc.
Unless the qualifications of any medical or other expert are
admitted, a brief statement of the qualifications of such witness
shall be included.

(m)   A list of the proposed exhibits each party will offer
in that party's affirmative case.  Those exhibits to be
introduced without objection shall be identified by a single
sequence of numbers, regardless of which party is the proponent
of a given exhibit.  Those exhibits to which any party objects
shall be identified by a single sequence of capital letters
followed by some form of identification of the objecting party
(e.g., "Plaintiff Jones objects; Defendant Smith objects").

(n)   In jury cases, an appendix containing proposed jury
instructions.  In non-jury cases, an appendix containing proposed

3

findings of fact and rulings of law.  Each proposed jury
instruction or conclusion of law shall include citations to
supporting authority.

(o)  In jury cases, any questions proposed for the <u>voir
dire</u> examination of the jury panel and any proposed
interrogatories to the jury or special verdict form.

**Unless otherwise provided in this paragraph, the pretrial
memorandum, with appendices, shall be filed, in triplicate, not
later than five business days before the scheduled date of the
final pretrial conference.**

**If any document required to be filed by this section 7 is
filed electronically, the filing party need only file one
original of that document five business days before the scheduled
date of the final pretrial conference.**

(8)  At the time of the filing of the pretrial memorandum,
each party shall file a separate paper, for the benefit of the
court reporter, setting forth any unusual or difficult terms or
names that may be referred to at trial.

Immediately upon receipt of this Order, any counsel who
realizes that one or more attorneys of record have not been
notified shall forthwith notify the additional attorney(s) in
writing as to entry of this Order and shall file a copy of the
writing with the clerk.

In the event that some disposition of this case has heretofore been made, or is made before the pretrial conference, counsel shall, by telephone, forthwith notify the Deputy Clerk signing this order and promptly thereafter submit closing papers. Compliance with this order is not excused absent the filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

**Failure to comply with any of the directions set forth in this Order may result in judgment of dismissal or default or the imposition of other sanctions deemed appropriate by the Court.**

By Order of the Court
Lindsay, D.J.


By /s/ Lisa M. Hourihan
   Deputy Clerk

August 2, 2005

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


STANDING ORDER RE: ELECTRONIC CASE FILING
IN CASES BEFORE REGINALD C. LINDSAY, U.S.D.J.

After October 1, 2003, documents filed in all cases in my session may be filed electronically, so long as the filing party complies with the applicable Federal Rules of Criminal Procedure or Civil Procedure (as the case may be), the Local Rules of United States District Court for the District of Massachusetts and the rules and procedures outlined in the Electronic Case Filing Administrative Procedures Pamphlet and the Electronic Case Filing ("ECF") User's Manual.  Even if electronic filing is used, however, unless otherwise ordered, the filing party must also deliver to the clerk's office, by mail or otherwise, a paper, courtesy copy of any electronic document constituting, supporting or opposing a dispositive motion, discovery motion or a proceeding for the construction of claims in a patent case.[*]  The courtesy copy of each such document must be stamped or otherwise

---

[*] For purposes of this order, the term "dispositive motion" includes a motion to dismiss, a motion for summary judgment, a motion to suppress, a motion for preliminary relief (including a motion for an attachment of real or personal property) and a motion for the entry of judgment.  The term "discovery motion" includes any motion in which the moving party seeks an order requiring that a person or entity provide information in any form to the moving party.

6

prominently marked as follows: "Courtesy copy - - DO NOT SCAN, Original Filed Electronically," and must be delivered to the clerk's office within three business days of the electronic filing.

In any case of an electronic filing in which a party seeks leave of court to file a document or to amend a document previously filed, the party must attach electronically to the motion seeking leave a copy of the document which the party proposes to file.  That document must be marked "Proposed [document designation]."  If leave to file the document is granted, the party proposing the document must then file the original of that document (which may be done electronically), indicating in the caption of the document that leave has been granted.

SO ORDERED.

/s/ REGINALD C. LINDSAY

_____

United States District Judge

DATED: September 12, 2003