UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELISSA SEPPI,<br>    Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>    Defendants. | C.A. NO.: 03 CV 12493 RCL |

FILED IN CLERK'S OFFICE
2005 NOV -4  P 1:00
U.S. DISTRICT COURT
DISTRICT OF MASS.

## JOINT PRETRIAL MEMORANDUM

Plaintiff Melissa Seppi ("Plaintiff") and Defendants Mezzanotte, LLC d/b/a Vision Nightclub and Frank C. Amato ("Defendants") hereby submit the following pursuant to LR, D. Mass. 16.5.

### TRIAL COUNSEL:

Plaintiff:    Edward F. Wallace
                  270 Littleton Road, Unit 22
                  Westford, MA 01886
                  (978) 589-9995

Defendants:  Kevin G. Kenneally
                  Donovan Hatem LLP
                  Two Seaport Lane
                  Boston, MA 02210
                  (617) 406-4500

### CONCISE SUMMARY OF THE EVIDENCE

        A.    Plaintiff.  The Plaintiff is asserting a liquor liability claim against the defendants Mezzanotte, LLC d/b/a Vision Nightclub and the liquor license holder,

Frank C. Amato for negligence in serving Meghan Putnam, an 18-year-old minor. The Plaintiff, then nineteen and her friend Meghan Putnam went to Vision on November 15-16, 2002 so that Meghan could meet up with Josh Spitaleri, a part time DJ and promoter of the club. Spitaleri was only 20 at the time. Vision Nightclub would hold 18 plus nights, where they would allow entry into the club of anyone who was at least 18 years old. November 15-16, 2002 was an 18 plus night. The doorman was supposed to check the identification of the patrons and determine if they were under or over twenty-one years old. If under twenty-one, he would place a "V" or an "X" on the back of their right hand with a permanent black marker. If over twenty-one he would place a plastic type bracelet on their right wrist. Meghan Putnam showed the doorman her license and received a black mark on the back of her right hand. However, once inside, Spitaleri told Meghan to wash off the black mark, which she tried to do, however the black mark, albeit faded could still be seen. Spitaleri obtained a bracelet for Putnam, which he put on her right wrist. Over the next hour and one-half Meghan consumed three (3) Long Island Iced T's, purchased for her by Spitaleri, also a minor, and two shots that she purchased herself.

Spitaleri had obtained a bracelet for the Plaintiff the week before, telling her to wash off the black mark. Spitaleri would also drink alcohol at the club.

Upon leaving Vision at approximately 2 a.m., the Plaintiff was a passenger in a vehicle driven by Putnam. As a result of being served intoxicating liquors, Putnam became intoxicated and crashed the vehicle into a jersey barrier on Route 128. Putnam's BAC was .175; almost two times the legal limit for an adult. The Plaintiff was ejected

2

from the vehicle and was run over by another vehicle, sustaining severe orthopedic injuries. The Plaintiff has undergone over 25 surgeries and has numerous permanent scars and has incurred medical bills in excess of $602,000.

The Plaintiff alleges that the Defendants were negligent in serving alcohol to Putnam, an eighteen-year-old minor, which caused Putnam to crash the car on route 128.

    B.    <u>Defendant</u>. This case arises out of a motor vehicle accident that occurred on November 16, 2002 at approximately 2:00 a.m. Plaintiff was injured when she asked her intoxicated companion to operate plaintiff's own vehicle. Megan Putnam ("Putnam"), driving Plaintiff's vehicle, collided with a guardrail on Route 128 in Wakefield, Massachusetts. Putnam was driving at an excessive rate of speed and was intoxicated. Seppi was not wearing a seat belt and was ejected from the vehicle. Plaintiff was awake and alert lying in the highway when she was struck by a passing vehicle operated by a non-party to this litigation. Seppi has recovered significant sums from the third party driver who struck her and from the insurer for Putnam. In the event Defendants are found liable—which is denied—Defendants are entitled to a credit in the full amount of prior payments by insurers or tortfeasors.

Plaintiff was an 18- year old adult and a trained bartender who had been trained in the service and effect of alcohol upon patrons. Plaintiff Seppi also had been trained in liquor identification and license laws at her bar jobs and was well versed in ways to defeat the procedures employed by liquor licensees to prevent minors from consuming alohol at the establishments. On November 15, 2002, Plaintiff used a valid

Massachusetts license to enter Vision's Nightclub as an over-twenty-one year old. While the license was valid, it stolen from a woman Seppi worked with, Melissa Michalski, and was being illegally used as part of a scheme by Plaintiff to gain access as an over-twenty-one year old. Putnam, allegedly using her real license entered Vision's as a minor and was given a black mark on her hand. Once inside Vision's Nightclub, Putnam obtained an over-twenty-one bracelet from the floor of the women's rest room. After Plaintiff and Putnam consumed Long Island Ice Teas (a mix of several liquors which Seppi was very familiar with from her bar tending experience) at Vision's Nightclub, Plaintiff convinced Putnam to drive her vehicle home to Nashua.

Defendants Mezzanotte d/b/a Vision's Nightclub and Frank Amato cannot be liable because they enacted appropriate and reasonable procedures to prevent alcohol consumption by minors. Seppi is an adult with uncommon experience in the laws governing liquor service, on ways to scheme and violate liquor laws, and about the efeects of alcohol on patrons. Seppi will testify about her classroom training, workplace triaing and State of New Hampshire Alcohol Control Board education about intoxicating beverages. As a matter of law, Defendants cannot be liable where plaintiff knowingly schemed to violate liquor laws and successfully defeated the reasonable procedures put in place by Defendants. Tobin v. Norwood Country Club, 422 Mass. 126 (1995).

Defendants deny they negligently served alcohol to the Plaintiff on November 15, 2002. Defendants deny they negligently allowed Plaintiff to obtain an over-twenty-one bracelet on November 15, 2002. Defendants further deny the nature, extent and causal connection between the accident and alleged injuries. If anything, Plaintiff caused her

4

own injuries by illegally using false identification to gain access to Vision's Nightclub as an over-twenty-one year old. Plaintiff, knowing the effects of alcohol, became intoxicated then persuaded Putnam, her intoxicated companion to drive Plaintiff's vehicle. Therefore, Plaintiff, not Defendants, caused her own injuries. Plaintiff is guilty of comparative negligence, which bars or reduces recovery.

## II.   FACTS ESTABLISHED BY PLEADINGS

See attached responses to Rule 36 Request for Admissions (Appendix A).

## III.   CONTESTED ISSUES OF FACT

Defendants deny they owed a duty of care to plaintiff, that they negligently served alcohol to Plaintiff on November 15, 2002, deny they negligently allowed Plaintiff to obtain an over-twenty-one bracelet on November 15, 2002. Plaintiff was an adult patron who intentionally violated liquor laws. There is no wvidence that Defendants were willful, wanton or reckless ni their business and therefore they cannot be liable to plaintiff.

## IV.   JURISDICTIONAL QUESTIONS

None at this time.

## V.   QUESTIONS RAISED BY PENDING MOTIONS

There are no pending Motions at this time, except the Plaintiff's Motions in Limine filed herewith.

## VI.   ISSUES OF LAW

None except as to those raised in the Motions in Limine being filed herewith.

Defendants state that case law and statutes bar recovery, including G.L. C. 231, Sec. 85T, and related law governing patrons who voluntarily or illegally obtain alcohol and cause injury to themselves.

### VII. AMENDMENTS TO PLEADINGS

Plaintiff may amend the pleading to include a claim against the insurer for violations of M.G.L. Chapter 93A, unfair claims practices, if the matter is not settled at the upcoming mediation. Those claims must be stayed until the trial of the underlying action is completed and thus no delay of the trial of this matter will occur as a result of the amendment to the complaint.

### VIII. ADDITIONAL MATTERS TO AID IN DISPOSITION OF ACTION

None

### IX. PROBABLE LENGTH OF TRIAL

The parties anticipate that this trial will last eight to ten days.

### X. WITNESSES

    A.  **Witnesses that Plaintiff may call at trial**

1. Melissa Seppi
   56 Weathersfield Road
   Nashua, NH 03062
   (Plaintiff)

2. Meghan Putnam
   26 Norma Drive
   Nashua, NH 03062
   (Fact witness)

3. Frank C. Amato
   4 Gemma Drive
   Peabody, MA 01960

6

(Defendant)

4. Gregory Krochmal, Jr.
   25 West Green Street
   Lynn, MA 01902
   (Fact witness)

5. Christine Aylwin
   42 Railroad Avenue
   Beverly, MA 01915
   (Fact Witness)

6. Michelle Seppi
   56 Weathersfield Road
   Nashua, NH 03062
   (Fact witness)

7. Bruce Seppi
   56 Weathersfield Road
   Nashua, NH 03062
   (Fact witness for purpose of authenticating photos of Plaintiff's vehicle)

8. Trooper Michael Forni
   Massachusetts State Police
   485 Maple Street
   Danvers, MA 01923
   (Fact witness)

9. Michael Maly
   P.O. Box 124
   Nahant, MA 01908
   (Fact witness)

10. Jennifer Entrican
    7404 Woodburn Court
    Winter Park, FL. 32792
    (Fact witness)

11. Keeper of Records-Precision Dynamics Corporation
    13880 Del Sur Street
    San Fernando, CA 91340-3490
    (Fact witness to authenticate bracelets used by Defendant)

12. Joshua Spitaleri
    4 Meadow Road
    Beverly, MA 01915
    (Fact Witness)

Plaintiff reserves the right to call other rebuttal witnesses not herein named and any witnesses necessary to lay a foundation for the admission into evidence of any document, photograph or object the admissibility of which is not agreed to.

EXPERTS

1. Harvey M. Cohen, Ph.D., C.I.H.
   Cambridge Technical Associates
   50 Hancock Road
   Needham, Ma 02492

2. Mike Marcantonio
   Dram Shoppe Consultants
   25 Sylvester Road
   Natick, MA 01760

3. Raymond Malcolm Smith, M.D., FRCS
   Chief, Orthopedic Trauma services
   Massachusetts General Hospital
   15 Parkman Street, WACC 525
   Boston, MA 02114

4. Trooper Thomas I. Fitzgerald, C.A.R.S.
   Massachusetts State Police
   Collision Analysis and Reconstruction Section
   485 Maple Street
   Danvers, MA 01923

### B. Defendants' Witnesses

1. Melissa Seppi, 56 Wethersfield Road, Nashua, NH 03062
2. Megan Putnam, 26 Norma Drive, Nashua, NH 03062
3. Trooper Michael J. Forni, Massachusetts State Police, Danvers, MA
4. Michael A. Polinchak, 20 Mayberry Avenue, Medford, MA 02115
5. Josh Spitaleri, 4 Meadow Road, Beverly, MA 01915
6. Kathleen Fantasia, 200 Andover Road, 978-667-0330
7. Trooper Thomas I. Fitzgerald, Massachusetts State Police

8

8. Frank C. Amato, 4 Gemma Drive, Peabody, MA 01960
9. M. Vincent Procopio, 126 Boston Street, Middleton, MA
10. Christine Aylwin, 42 Railroad Avenue, Beverly, MA 01915
11. Gregory Krochmal, 25 West Green Street, Lynn, MA 01901
12. Michael Maly, P.O. Box 124, Nahant, MA 01908
13. Keeper of Records for Plaintiff Melissa Seppi's medical providers
14. Keeper of Records for Applebee's
15. Keeper of Records for Joe's American Bar & Grille
16. Keeper of Records for Ruby Tuesdays.

## XI. AGREED UPON EXHIBITS

1. Photograph Melissa post-surgery, 11/20/2002
2. Vision Nightclub Policy Manual/Employee Handbook
3. Personnel Work Schedule, Vision Nightclub, November 15/16, 2002
4. T-Mobile records, Melissa Seppi, November 15/16, 2002
5. NEXTEL records, Joshua (Derek) Spitaleri, Oct. 30 – Nov. 16, 2002
6. Incident Report, Massachusetts State Police
7. Motor Vehicle Collision Police Reports
8. Collision Reconstruction Report, Massachusetts State Police
9. Lahey Clinic medical records, Meghan Putnam
10. Action Ambulance Report, 11/16/2002
11. Massachusetts General Hospital (MGH), inpatient record 11/16/2002 through 12/10/2002
12. MGH, xray right hip/femur, 11/16/2002
13. MGH, xray right femur, 1/30/2003
14. MGH, xray both hips, 1/30/2003
15. MGH, xray right hip, 1/30/2003
16. MGH, xray right hip, 1/30/2003
17. MGH, xray right femur, 1/30/2003
18. MGH, xray left tib/fib, 11/16/2002
19. MGH, xray left tib/fib, 1/30/2003
20. MGH, xray left tib/fib (close-up), 11/16/2002
21. MGH, xray right ankle, 1/30/2003
22. St. Joseph's Hospital (SJH) medical records 12/10 – 12/21/2002
23. Home Health & Hospice Care (HHHC) medical records, 12/23/2002 through 1/29/2003
24. Photograph right thigh degloving, 1/13/2003
25. Photograph left ankle (and partial right thigh) degloving, 1/13/2003
26. Photograph left ankle (and partial right thigh) degloving, 1/13/2003
27. Photograph, Melissa at home with walker, 1/13/2003

28. MGH Orthopaedic Trauma Service (OTS) Office Visit (OV), Dr. Joseph, 1/2/2003
29. OTS OV, Dr. Joshi, 1/14/2003, with labs
30. MGH, inpatient record 1/17 - 1/18/2003
31. OTS OV, Dr. Joseph, 1/30/2003, with radiology
32. MGH, inpatient record 2/5 – 2/11/2003
33. OTS OV, Dr. Joseph, 2/13/2005
34. OTS OV, Dr. Smith, 2/25/2003, with radiology
35. OTS OV, Dr. Joseph, 3/25/2003, with radiology
36. MGH, inpatient record 6/14 – 6/21/2003
37. MGH ER, 6/25/2003
38. OTS OV, Dr. Smith, 7/10/2003, with radiology
39. OTS OV, Dr. Smith, 10/16/2003
40. MGH, inpatient record 11/17 – 11/19/2003
41. OTS OV, Dr. Smith, 12/2/2003, with radiology
42. MGH surgery, Dr. Winograd, 1/5/2004
43. OTS OV, Dr. Smith, 1/20/2004, with radiology
44. MGH ER, 1/27/2004
45. MGH MRI, 1/28/2004
46. OTS OV, Dr. Smith, 2/3/2004
47. MGH, inpatient record 2/6 – 2/8/2004
48. MGH ER, 2/18/2004
49. OTS OV, Dr. Smith, 2/17/2004, with radiology and labs
50. MGH, inpatient record, 3/5 – 3/6/2004
51. Photograph, scars right thigh and hip
52. Photograph, scars left thigh and ankle
53. Photograph, scars left hip
54. Photograph, scars right thigh and left ankle
55. OTS OV, Dr. Smith, 3/30/2004, with radiology
56. MGH, inpatient record, 6/21 – 6/22/2004
57. OTS OV, Dr. Bhattacharyya, 7/20/2004
58. MGH, xray right hip, 7/20/2004
59. MGH surgery, Dr. Winograd, 8/25/2004
60. Photograph, 8/30/2004, leg scarring
61. MGH ER, 9/5/2004
62. MGH, inpatient record, 9/7 – 9/9/2004
63. Photograph, inpatient, Melissa's feet, 11/2002
64. Photograph, inpatient, Melissa's legs with skin graft dressing, 11/2002
65. Photograph, leg scarring, 12/8/2004
66. Photograph, leg scarring, 10/4/2005
67. Photograph, right knee skin graft, 10/4/2005
68. Photograph, Michalski license
69. Photograph, Seppi/Michalski comparison

10

70. CVS Pharmacy prescription printout
71. Employment Files, Back Bay Restaurant Group d/b/a Joe's American Bar & Grill
72. Employment Files, Ruby Tuesday
73. Employment Files, Applebee's

## XII.   UNAGREED UPON EXHIBITS

A.   MGH outpatient record, 12/02/2004 – Defendant objects pending the opportunity to review the records (copy provided herewith)
B.   MGH, inpatient record, 1/3/ 2005–1/8/2005 Defendant objects pending the opportunity to review the records (copy provided herewith)
C.   MGH ER visit 1/17/05 (copy provided herewith)
D.   MGH, inpatient record, 1/26/2005 –1/28/05 Defendant objects pending the opportunity to review the records (copy provided herewith)
E.   MGH, inpatient record, 6/6/2005– 6/8/05 Defendant objects pending the opportunity to review the records (copy provided herewith)
F.   MGH inpatient records 12/12/05 (scheduled surgery) Defendant objects pending the opportunity to review the records.
G.   Certified Conviction Records of Meghan Putnam – Plaintiff objects pending the opportunity to review the records
H.   Massachusetts Uniform Citation issued to Meghan Putnam – Plaintiff objects pending the opportunity to review the records
I.   Photograph, car from the front – Defendant objects
J.   Photograph, car from passenger side – Defendant objects
K.   Plaintiff's medical bills (to be supplemented) – Defendant objects
L.   Photograph, Meghan's hand with "V" mark – Defendant objects
M.   Photograph, Meghan's hand with faded "V" and bracelet – Defendant objects
N.   Bracelets from Precision Dynamics Corporation – Defendant objects
O.   Photograph, Entrican/Michalski comparison – Defendant objects
P.   Floor plan of Vision Nightclub – Defendant objects

## XIII.   OBJECTIONS TO EVIDENCE

Defendant's hereby object and will file pretrial motions to qualifications and foundational bases for certain opinions of liability expert witnesses, in accordance with Kumho Tire principles and Fed. R. Evid. 702. Defendants also object to any

11

additional testimony or opinions that were not disclosed in accordance with Rule 26 (a)(2) (B) and this Court's Pre-Trial Order.

Defendants object to introduction of inaccurate medical bills in sums far greater than the amounts actually paid for the treatment by payors. The bills have been improperly redacted to remove the amounts of significant discounts and no one has incurred indebtedness for the inflated amounts and no one will ever be obligated to pay the higher amounts reflected on the bills. Defendants are willing stipulate to amounts actually paid for treatment once plaintiff provides actual billing and payment records.

## XIV. OTHER MATTERS

Plaintiff plans on using a projector, screen and laptop in the presentation of her case.

## APPENDIX

      A.    Responses to Rule 36 Request for Admissions

      B.    Plaintiff's Supplemental Jury Questionnaire

      C.    Plaintiff's Proposed Jury Instructions

      D.    Plaintiff's Motions in Limine

      E.    Plaintiff's proposed Special Verdict

      F.    Defendant's proposed Special Verdict Form

Respectfully submitted,

| | |
|---|---|
| Plaintiff,<br>Melissa Seppi,<br>By her attorney, | Defendants,<br>Mezzanotte, LLC d/b/a<br>Vision Nightclub and<br>Frank C. Amato<br>By their attorneys, |
| Edward F. Wallace<br>BBO No.513540<br>Law Offices of Edward F. Wallace, P.C.<br>270 Littleton Road, Unit 22<br>Westford, MA 01886<br>978-589-9995 | John A. Donovan, Jr.<br>BBO No. 130600<br>Kevin G. Kenneally<br>BBO No. 550050<br>Donovan Hatem LLP<br>Two Seaport Lane<br>Boston, MA 02210<br>617-406-4500 |

Dated: November 4, 2005