*Seppi vs. Mezzanotte* —Jury Instruction

**Duty of Liquor Vendor Where Teenagers Are Present**

A business establishment that makes money by serving liquor where teenagers are known to be present is not engaging in an ultrahazardous activity, but the situation is so fraught with foreseeable risk that a business establishment that is in a position to control or reduce the risk has a duty to do so. The risk here is great and commonly known to be great.[1] The law does not hesitate to impose a duty of care on a person who participates in the creation of a known or knowable risk and who is well situated to mitigate it.[1,2]

The law forbids the serving of alcohol to minors because they are thought to be peculiarly susceptible to the effects of alcohol and less able to make decisions about what amount of alcohol they may safely consume in various situations.[1]

The triggering of the duty is not limited to the circumstance of hand to hand selling or serving of alcohol. The duty is breached when the establishment knew or reasonably should have known that it was furnishing alcohol to minors. The establishment's knowledge is measured by the cumulative knowledge of its employees. That the standard is formulated to include what the establishment "reasonably should have known," permits the jury to hold the establishment to the knowledge it should have had, had it taken reasonable precautions to prevent minors from drinking alcohol. If the jury find that the establishment knew or reasonably should have known that the establishment was furnishing alcohol to minors, the establishment has breached its duty of care and, if causation is established, may be held responsible for the injuries and damage caused by the minor's alcohol-influenced actions, whether to the minor or to others.[1]

---

G.L. c. 238, § 34
[1] *Tobin vs. Norwood Country Club, Inc.*, 422 Mass. 126; 661 N.E.2d 627 (1996)
[1,2] *Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 211, 596 N.E.2d 318 (1992); *Pudlo v. Dubiel*, 273 Mass. 172, 173 N.E. 536 (1930); *Carter v. Towne*, 98 Mass. 567 (1868).

*Seppi vs. Mezzanotte* –Jury Instruction

**Sale or Delivery to Underage Patron.**

A vendor who is licensed to sell alcoholic beverages has a duty to members of the general public traveling on the highways to exercise reasonable care to protect them from injuries caused by the vendor's patrons' consumption of alcoholic beverages on the licensed premises.

We have a statute in this Commonwealth, G.L. c. 138 § 34, which prohibits the sale or delivery of any alcoholic beverage or alcohol to any person under twenty-one years of age. A violation of that statute is not negligence per se, but it is evidence of negligence. If a licensed vendor of alcoholic beverages serves alcoholic beverages to a patron who the vendor knows, or reasonably should know, is under twenty-one years of age, you would be warranted in finding that the vendor was negligent in so doing.[1]

---

[1] G.L. c. 238, § 34
*Tobin vs. Norwood Country Club, Inc.*, 422 Mass. 126; 661 N.E.2d 627 (1996)
*Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6; 453 N.E. 2d 430 (1983)
*Adamian v. Three Sons, Inc.*, 353 Mass. 498, 233 N.E.2d 18 (1968)

**Seppi vs. Mezzanotte –Jury Instruction**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation or Limited Liability Company, such as Mezzanotte, LLC, is considered to be a person. It can only act through it manager, employees, agents, directors, or officers. Therefore a LLC is responsible for the acts of its managers, employees, agents, directors, and officers performed within the scope of authority.[1]

---

[1] Manual of Model Jury Instructions (2001), 6.2.

*Seppi vs. Mezzanotte* – Jury Instruction

## CAUSATION

If you decide that either or both of the defendants were negligent, you must then consider whether the defendant's negligent conduct caused the plaintiff's injuries. To meet her burden, the plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.[1]

The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about.

The plaintiff also has the burden of proving by the preponderance of the evidence that the defendant's negligence substantially contributed to causing the plaintiff's injury. The plaintiff does not have to prove that the defendant's negligence was the only or predominant cause of the injury. If two or more factors, which operated concurrently, contributed to the plaintiff's injury, so that in effect the damages suffered were inseparable, then it is enough for the plaintiff to prove that the defendant's negligence was a substantial contributing factor in causing the injury.[2]

It does not matter whether other concurrent causes contributed to the plaintiff's injuries so long as you find that the defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense which requires no further elaboration.

Furthermore, to establish causation, the plaintiff must show that the harm was reasonably foreseeable to a person in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant foresaw, or should have foreseen, the exact manner in which the harm occurred; but she must show that this harm was a natural and probable consequence of the defendant's negligence.[3]

What that means is that the plaintiff is not required to show the exact cause of her injuries or to exclude all possibility that they resulted without the fault of the defendant.[4]

---

[1] *Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Bernstein*, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)).

[2] *See O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591–92, 518 N.E.2d 510, 512–13 (1988) (asbestos case).

[3] *Hill v. Winsor*, 118 Mass. 251, 259 (1875); *Lane v. Atl. Works*, 111 Mass. 136, 139–40 (1872).

[4] *McLaughlin v. Bernstein*, 356 Mass. 219, 249 N.E.2d 17 (1969); *Edwards v. Boland*, 41 Mass.App.Ct. 375, 670 N.E.2d 404 (1996); *Woronka v. Sewall*, 320 Mass. 362, 365, 69 N.E.2d 581, 582–83 (1946).

*Seppi vs. Mezzanotte* –Jury Instruction

**The Supreme Judicial Court of Massachusetts has held that one of the more foreseeable risks of serving liquor to minors is that they might drive motor vehicles and cause harm to third persons while intoxicated. If, therefore, the minor patron does operate a motor vehicle while intoxicated after having been served such alcoholic beverages, and by such operation causes harm to third persons, you would be warranted in finding that such negligence of the defendants a substantial contributing cause of such harm.[5]**

---

[5] *Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6; 453 N.E. 2d 430 (1983); Massachusetts Jury Instructions: Civil, Lexis Publications, 1997.

**Seppi vs. Mezzanotte –Jury Instruction**

**Damages**

**The fourth element the plaintiff must prove is damages.**

**As with all the other elements, the plaintiff bears the burden of proving her damages by a fair preponderance of the evidence.[1]**

**The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.[2]**

**The object is to try to restore the person to the position she would have been in had the wrong not occurred. The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to her by the defendants.**

**You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.[3]**

**There is no special formula under the law to assess the plaintiff's damage. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiff for her injuries. You must be guided by your common sense and your conscience.**

**In determining the amount of damages which the plaintiff is entitled to recover, there are certain areas which you should take into consideration.**

---

[1] W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–67 (5th ed. 1984).

[2] *Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

[3] *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir. 1975).

**Seppi vs. Mezzanotte – Jury Instruction**

(a) **Pain and Suffering**

The first area is pain and suffering. Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering.[1]

For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiff physically injured. You are to take into account the past pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.[2]

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury.[3]

Also, you should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused her a loss of pleasures which she otherwise probably would have had in the form of work or play or family life or whatever. The plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude has resulted or probably will result from this accident.

You should also consider and allow a fair, reasonable sum for any permanent condition caused or resulting to the plaintiff as a result of the defendants' wrong. This could include any permanent marks, scars, or permanent loss of bodily function. You must determine what amount will fairly and reasonably compensate for that loss.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for past, present, and future suffering such as you find has been proved by the evidence.

---

[1] *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

[2] This is also the view presented in Restatement (Second) of Torts § 436 (1965). However, a few special fact patterns do allow recovery absent physical injury.

[3] W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–66 (5th ed. 1984).

Seppi vs. Mezzanotte – Jury Instruction

(b)     Medical Expenses

The next area of damages which you are to consider is medical, hospital, and nursing expenses incurred by the plaintiff on account of her injuries.[1]

The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiff, and whether the charge itself was reasonable.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident.[2]

The plaintiff is entitled to recover for whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.

---

[1] *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943).

[2] *Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Cross v. Sharaffa*, 281 Mass. 329, 331–32, 183 N.E. 838, 838–39 (1933); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

**Seppi vs. Mezzanotte –Jury Instruction**

(c)    **Loss of Earning Capacity**

The third area of damages for your consideration is loss of earning capacity.[1]

Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.[2]

If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you.

"A person may have an earning capacity in excess of the wages paid him or her in the job that he [or she] happens to have at the time of the injury."[4]

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of this plaintiff herself, and not some standard of a normal person in her position, that furnishes the test.[5]

Therefore, you may consider evidence of what the plaintiff did until her accident, what the plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what she was like in order to help determine her capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative, or imaginative.[6] Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.[7]

If the plaintiff had the ability to earn money before the accident and you find there was a period of time after the accident that, by reason of the injury caused by the defendant, she was unable to exercise the necessary body or mental function to earn money, then that is an area which [he/she] is entitled to have you consider. If you conclude that the plaintiff will not be able to work anymore because of her injuries or her ability to earn money will be permanently diminished, because of her injuries, you may calculate a sum of money to compensate the plaintiff for

**Seppi vs. Mezzanotte —Jury Instruction**

**that loss until the year she would not have had a capacity to earn if there had not been an accident.**

---

[1] The determination of the extent of impairment of earning capacity, though involving contingencies and matters of opinion, rests largely on the common knowledge of the jury, sometimes with little aid from the evidence. *Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

[2] *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

[4] *Doherty v. Ruiz*, 302 Mass. 145, 146, 18 N.E.2d 542, 542 (1939) (citations omitted).

[5] *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 544 (1939); *Braithwaite v. Hall*, 168 Mass. 38, 40, 46 N.E. 398, 399 (1897).

[6] *Bagley v. Kimball*, 268 Mass. 440, 442, 167 N.E.2d 661, 662 (1929).

[7] *Cross v. Sharaffa*, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933); *Copson v. New York, New Haven & Hartford R.R. Co.*, 171 Mass. 233, 237, 50 N.E.2d 613, 614 (1898) ("It is no objection to a finding that a computation is made without the aid of mathematical experts . . . Every jury in assessing damages in certain classes of actions is at liberty to consider questions of this kind on their own common knowledge, and without the aid of expert testimony.")

Seppi vs. Mezzanotte –Jury Instruction

(d)   Calculating Total Damages

Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity, and any future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less.[1]

---

[1] *Rodgers v. Boynton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

Seppi vs. Mezzanotte – Jury Instruction

**Comparative Negligence**

As a defense to this action, the defendants are[1] claiming that the plaintiff herself was negligent and that the plaintiff's own negligence caused her injuries. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendants to the negligence, if any, of the plaintiff.[2]

Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendants have the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that this negligence contributed[3] to cause the plaintiff's injuries.[4]

When you are determining whether the plaintiff was negligent, remember the instructions on causation. The plaintiff's negligence must have contributed to the cause of her injury for this comparative negligence analysis to apply.[5]

A plaintiff's negligence causally contributes to her injury if she ought to have foreseen that her conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendants. To accomplish this comparison, determine the percentage, if any, that the plaintiff was negligent and the percentage that each defendant was negligent. The combined total of the negligence of the plaintiff and all the defendants must equal 100 percent. If the negligence of the plaintiff is greater than the combined negligence of the defendants, the plaintiff will not be entitled to recover any damages.[6]

If the negligence of the plaintiff is equal to or less than the negligence of all the defendants combined, the plaintiff's damages will be diminished by the percentage of her own negligence. If the negligence of the plaintiff is less than 50 percent, the amount you determine to be the plaintiff's damages will be reduced by that percentile by the clerk. For example, if you determine that the plaintiff was 10 percent negligent and that the combined negligence of all defendants was 90 percent, the amount of the plaintiff's total damages will be reduced by 10 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.

**Seppi vs. Mezzanotte –Jury Instruction**

---

[1] Where more than one defendant is being sued, the jury is to compare the negligence of the plaintiff against the total negligence of all concurrent tortfeasors combined. G.L. c. 231, § 85; *cf. Riley v. Davison Constr. Co.*, 381 Mass. 432, 409 N.E.2d 1279 (1980).

[2] *Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 265, 493 N.E.2d 206, 208–09, *review denied,* 398 Mass. 1103, 497 N.E.2d 1096 (1986); G.L. c. 231, § 85. The defense of assumption of the risk was abolished under 1973 Mass. Acts 1123, G.L. c. 231, § 85.

[3] *Zeroulias v. Hamilton Am. Legion Assocs., Inc.*, 46 Mass.App.Ct. 912, 912, 705 N.E.2d 1164, 1166 (1999); *Lane v. Meserve*, 20 Mass.App.Ct. 659, 663–64 & n.6, 482 N.E.2d 530, 532–33 & n.6 (1985).

[4] *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 356, 446 N.E.2d 1033, 1040 (1983).

[5] While G.L. c. 231, § 85 (1973 Mass. Acts 1123) reinstated the plaintiff's "presumption of due care," the Massachusetts higher courts do not favor use of that language in an instruction.

[6] It is within the discretion of the judge to inform the jury that a finding of greater negligence of the plaintiff means a verdict for the defendant. However, where "the jurors ask questions as to the effect of their answers to special questions and a party requests that the judge inform the jurors as to the effects of their answers, the judge must do so." *Dilaveris v. Rich*, 424 Mass. 9, 15, 673 N.E.2d 562, 566 (1996).

Seppi vs. Mezzanotte – Jury Instruction

Intervening/Superseding Cause

In some instances, the causal relationship between the defendant's negligence and the plaintiff's injury may be broken by the intervention of a superseding cause, such as some unforeseeable negligence or fault of another.[1] Only unusual, extraordinary negligence of a third party will excuse an original tortfeasor's liability.[2] In addition, the intervening cause must have been unforeseeable to the defendant at the time of negligence for it to relieve the defendant of liability.

Even if the defendant could not have foreseen the precise manner in which the injury occurred, where the negligent conduct of the defendant creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the defendant of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the defendant's conduct.[3]

---

[1] *Griffiths v. Campbell*, 425 Mass. 31, 34–36, 679 N.E.2d 536, 539–40 (1997); *Whittaker v. Saraceno*, 418 Mass. 196, 197, 635 N.E.2d 1185, 1187 (1994); *Carter v. Yardley & Co. Ltd.*, 319 Mass. 92, 99, 64 N.E.2d 693, 697–98 (1946).

[2] *Jones v. Cincinnati, Inc.*, 32 Mass.App.Ct. 365, 370, 589 N.E.2d 335, 339 (1992) (quoting *A.L. v. Commonwealth*, 402 Mass. 234, 244, 521 N.E.2d 1017, 1023 (1988)).

[3] *Christopher v. Father's Huddle Cafe, Inc.*, 57 Mass.App.Ct. 217, 227, 782 N.E.2d 517, 527 (2003) (citing *Lawrence v. Kamco, Inc.*, 8 Mass.App.Ct. 854, 858, 397 N.E.2d 1157, 1160 (1979) and Restatement (Second) of Torts § 442B (1965)).