UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12493 RCL

| | |
|---|---|
| MELISSA SEPPI,<br>    PLAINTIFF | )<br>)<br>) |
| vs. | )<br>) |
| MEZZANOTTE, LLC D/B/A VISION<br>NIGHTCLUB, and FRANK C. AMATO<br>    DEFENDANTS | )<br>)<br>) |

## MOTION IN LIMINE-THIRD PARTY SETTLEMENT

Plaintiff files this motion in limine and respectfully moves the court as follows:

- To instruct defendant and defendant's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

- To instruct defendant's counsel to inform defendant and all witnesses called by defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

- To instruct counsel for defendant that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to plaintiff's cause and would deprive plaintiff of a fair and impartial trial.

Counsel for defendant, defendant, and all witnesses will refrain from referring to or mentioning that:

*The Plaintiff settled with her auto insurer for the policy limits of $100,000 and with the insurer of Fantasia for the policy limits of $20,000.*

In support hereof, Fed..R. Evid. 408 makes such evidence inadmissible. See <u>Vincent v. Louis Marx & Co.</u>, 874 F. 2d 36, 42 (1st Cir. 1989) (evidence of settlement against a motorist excluded in action against tricycle manufacturer by child who was struck by motorist while riding tricycle).

Massachusetts follows the same rule. In <u>Morea v. Cosco</u> 422 Mass. 601 (1996) the Supreme Judicial Court adopted the so-called 'court rule' and held inadmissible evidence of a settlement or the amount of a settlement with a third party.

Therefore, the Plaintiff asks that this motion be allowed and no inquiry whatsoever regarding the plaintiff's settlements or amounts thereof of her other claims be permitted.

MELISSA SEPPI,
By her attorney,

Edward F. Wallace
BBO#: 513540
Law Offices of Edward F. Wallace, P.C.
Olde Boston Square
270 Littleton Road, Unit 22
Westford MA  01886
(978) 589-9995

Dated: <u>November 4, 2005</u>

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12493 RCL

MELISSA SEPPI,            )
       PLAINTIFF     )
                          )
                          )
vs.                       )
                          )
MEZZANOTTE, LLC D/B/A VISION  )
NIGHTCLUB, and FRANK C. AMATO )
       DEFENDANTS    )

## MOTION IN LIMINE-COLATERAL SOURCE

Plaintiff files this motion in limine and respectfully moves the court as follows:

- To instruct defendant and defendant's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

- To instruct defendant's counsel to inform defendant and all witnesses called by defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

- To instruct counsel for defendant that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to plaintiff's cause and would deprive plaintiff of a fair and impartial trial.

Counsel for defendant, defendant, and all witnesses will refrain from referring to or mentioning that:

*Plaintiff has received, has been entitled to receive, or will or may in the future receive or be entitled to receive benefits of any kind from a collateral source, including but not limited to:*

   a. *New Hampshire Medicaid*
   b. *Collateral insurance coverage*
   c. *Social security*

As grounds in support hereof, benefits received by the Plaintiff from such sources are collateral sources and are not admissible to diminish an injured party's recovery from the tortfeasor. See Fitzgerald, et al v Expressway Sewage Construction, Inc. 177 F 3rd 71 (1st Cir. 1999). It is axiomatic that, when parties litigate a case in a federal court on the basis of diversity jurisdiction, state law supplies the substantive rules of decision. See, e.g., Blinzler v. Marriott Int'l Inc., 81 F.3d 1148, 1151 (1st Cir. 1996); Daigle, 14 F.3d at 689. Whether damages in a tort suit are mitigable by payments originating with a third party depends, quite obviously, on substantive principles. Hence, the state-law collateral source rule supplies the rule of decision.

When a case is being heard in federal court, the evidentiary, as opposed to the substantive, aspects of the collateral source rule are governed by the Federal Rules of Evidence, particularly Rules 401, 402, and 403. See Fitzgerald, 177 F.3d at 74. The court in England v. Reinauer Transp. Cos., L.P., 194 F.3d 265, 273-274 (1st Cir. 1999) stated that under the evidentiary strand of the collateral source rule, "evidence of collateral benefits offered to show that an employee has already received compensation for his injuries is generally inadmissible.", citation omitted. When such evidence is relevant to some other contested issue, however it may be admitted if it is not unfairly prejudicial; the risk of unfair prejudice from the admission of this type of evidence must be weighed carefully because "a jury, informed, say, that a plaintiff has recourse to first party insurance proceeds, may be unduly inclined to return either a defendant's verdict or an artificially low damage award." Fitzgerald, 177 F.3d at 75.

In England the defendant Reinauer argued that the court's exclusion of evidence that England received collateral source income and medical benefits was an error that requires it be granted a new trial. Reinauer contended that the evidence should have been admitted because it was relevant to England's credibility as well as his motive for not returning to work. Reinauer alleged that England opened the door to this evidence by testifying that he returned to work for a trial period after the accident "to be productive and make some money to pay some bills" and that a non-union job would provide insufficient income.

The Court disagreed, upholding the trial judges exclusion of the evidence. The court stated that England's testimony was not sufficient to imply that he was suffering such financial difficulties as to negate impliedly the receipt of any additional benefits due to the accident and thus did not open the door for the introduction of his collateral source

benefits. Thus, the district court could reasonably have concluded that the evidence of England's collateral source benefits, even if relevant to his credibility or his motive for not returning to work, would have been cumulative as well as unfairly prejudicial to England and did not abuse its discretion in excluding it.

Therefore, the Plaintiff asks that this motion be allowed and no inquiry whatsoever on collateral source be allowed until specifically permitted by the ruling of the court.


MELISSA SEPPI,
By her attorney,

_____
Edward F. Wallace
BBO#: 513540
Law Offices of Edward F. Wallace, P.C.
Olde Boston Square
270 Littleton Road, Unit 22
Westford MA  01886
(978) 589-9995

Dated: November 4, 2005

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12493 RCL

MELISSA SEPPI,                              )
        PLAINTIFF                )
                                            )
vs.                                         )
                                            )
MEZZANOTTE, LLC D/B/A VISION                )
NIGHTCLUB, and FRANK C. AMATO               )
        DEFENDANTS               )

---

**MOTION IN LIMINE-SEAT BELT**

---

Plaintiff files this motion in limine and respectfully moves the court as follows:

- To instruct defendant and defendant's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

- To instruct defendant's counsel to inform defendant and all witnesses called by defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

- To instruct counsel for defendant that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to plaintiff's cause and would deprive plaintiff of a fair and impartial trial.

Counsel for defendant, defendant, and all witnesses will refrain from referring to or mentioning that:

*Plaintiff was not wearing her seat belt at the time of the motor vehicle crash.*

In support hereof, Chapter 387 of the Acts of 1993, effective February 1, 1994 in section 3 states: " Failure to wear a properly fastened safety belt shall not be considered as contributory negligence or used as evidence in any civil action".

In addition, prior to the adoption of Chapter 387, the Supreme Judicial Court has held that in the absence of expert testimony that the plaintiff's injuries would have been less severe a jury may not consider the plaintiff's failure to wear a seat belt. Absent expert testimony it is speculative as to what injuries the plaintiff would have suffered had she worn the seat belt, for example, had she been wearing her seat belt, she may have suffered spinal cord injuries, or severe compression fractures of the spine.

Therefore, the Plaintiff asks that this motion be allowed and no inquiry whatsoever on the issue of seat belt use be permitted.

MELISSA SEPPI,
By her attorney,

Edward F. Wallace
BBO#: 513540
Law Offices of Edward F. Wallace, P.C.
Olde Boston Square
270 Littleton Road, Unit 22
Westford MA  01886
(978) 589-9995

Dated: November 4, 2005

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12493 RCL

MELISSA SEPPI,                              )
        PLAINTIFF                )
                                            )
vs.                                         )
                                            )
MEZZANOTTE, LLC D/B/A VISION                )
NIGHTCLUB, and FRANK C. AMATO               )
        DEFENDANTS              )

## MOTION IN LIMINE-ARREST

Plaintiff files this motion in limine and respectfully moves the court as follows:

- To instruct defendant and defendant's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

- To instruct defendant's counsel to inform defendant and all witnesses called by defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

- To instruct counsel for defendant that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to plaintiff's cause and would deprive plaintiff of a fair and impartial trial.

Counsel for defendant, defendant, and all witnesses will refrain from referring to or mentioning that:

*Plaintiff may have been arrested or charged with any criminal offense for which the Plaintiff was not convicted, in particular an arrest for a misdemeanor that occurred in 2002 in Nashua New Hampshire, as a Nolle prosequi was entered on said charge on February 12, 2003.*

As grounds in support hereof, any such evidence of an arrest without a conviction is inadmissible under Fed.R. Evid. 609 and also inadmissible under Fed. R. Evid. 404 (b) to prove character of the plaintiff. See United States v. Crutchfield 26 F. 3rd 1098 (11th Cir. 1994).

Therefore, Plaintiff asks that this motion be allowed and no inquiry whatsoever regarding Plaintiff's arrest be permitted.

MELISSA SEPPI,
By her attorney,

Edward F. Wallace
BBO#: 513540
Law Offices of Edward F. Wallace, P.C.
Olde Boston Square
270 Littleton Road, Unit 22
Westford MA  01886
(978) 589-9995

Dated: November 4, 2005