UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MELISSA SEPPI,<br>Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 03 CV 12493 RCL |

## DEFENDANTS' OBJECTION TO
## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Defendants hereby object to Plaintiff's proposed jury instructions, which in part misstate the law governing this action.

I.   PROPOSED INSTRUCTION ENTITLED "DUTY OF LIQUOR VENDOR WHERE TEENAGERS ARE PRESENT" AND OTHER LIABILITY INSTRUCTIONS.

The Plaintiff's proposed instruction is an incomplete statement of the law, as appearing in _Panagakos v. Walsh_, 434 Mass. 353 (2001); _Hamilton v. Ganias_, 417 Mass. 666 (1994); and _Tobin v. Norwood Country Club, Inc._, 422 Mass. 126 (1996). The SJC has distinguished the duty owed to children from that which a vendor owes to adult patrons who are under the age of 21. Plaintiff Seppi was an adult who was a trained bartender and had received N.H. Liquor Control Board training about the effects of intoxicating liquors. She also was taught to detect false I.D. cards and about measures taken by establishments to identify patrons under age 21. Seppi used this extensive knowledge to deviously violate Massachusetts law and to evade Defendant's procedures. Seppi "was an adult, having reached the age of eighteen years, G.L. ch. 4, §7, Fiftieth; G.L. ch. 231, §85P," therefore she is not entitled to the jury charge sought by Plaintiff. _Panagakos v. Walsh_, 434 Mass. 353, 355 (2001). Seppi knowingly misrepresented her

age and used her high degree of liquor control training to gain access to Visions Nightclub and to voluntarily consume alcohol.  As set out by the SJC:

> An adult but underage drinker's voluntary consumption of alcohol forecloses the existence of any duty owed to him …

*Panagakos*, 434 Mass. at 355 and n.4.

That Defendants are licensees does not make them strictly liable to an adult patron who breaches the establishment's procedures.

The adult Plaintiff cannot recover in this action absent proof of "willful, wanton, or reckless conduct on the part of the licensee or such person or entity." G.L. c. 231, §85T.  Proof of this heightened standard under Massachusetts law cannot be accomplished on the facts of this action and Defendants will make appropriate Rule 50 motions at trial.

Defendants and Plaintiff discussed jury instructions, in full accord and with this Court's August 2, 2005 Order, but Defendants did not receive copies of the proposed instructions until the Plaintiff's assembled package was delivered to Defendants for signature and filing.

WHEREFORE, Defendants object and respectfully request that this Court instruct the jury in accordance with valid Massachusetts law concerning negligence, dram shop liability, and G.L. ch. 231, §85T.

Defendants
Mezzanotte, LLC d/b/a Vision Nightclub
and Frank C. Amato
By their attorneys,

John A. Donovan, Jr., BBO No. 130600
Kevin G. Kenneally, BBO No. 550050
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
(617) 406-4500

Dated: November 8, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 11/8/05