UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA SEPPI,<br>    Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>    Defendants. | C.A. NO.: 03 CV 12493 RCL |

## MEMORANDUM OF LAW REGARDING RECOVERY OF MEDICAL EXPENSES AND ADMISSIBILITY OF MEDICAL BILLS

The Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato (the "Defendants"), hereby submit this memorandum on the issue of recoverability and admissibility of medical bills and expenses.

## PROCEDURAL HISTORY

1. **THE ACCIDENT**

This case arises out of a motor vehicle accident that occurred on November 16, 2002 at approximately 2:00 a.m. Plaintiff was injured when she asked her intoxicated companion to operate plaintiff's own vehicle. Meghan Putnam ("Putnam"), driving Plaintiff's vehicle, collided with a guardrail on Route 128 in Wakefield, Massachusetts. Putnam was driving at an excessive rate of speed and was intoxicated following an evening when the two women used a stolen driver's license to gain access to Defendant's establishment. Seppi was not wearing a seat belt and was ejected from the vehicle. Plaintiff was awake and fleeing or lying in the highway when she was struck by a passing vehicle operated by a non-party to this litigation. Seppi has

recovered significant sums from the third party driver who struck her and from the insurer for Putnam.

Plaintiff was an 18-year old adult and a trained bartender who had been trained in the service and effect of alcohol upon patrons. Plaintiff Seppi also had been trained in liquor identification and license laws at her bar jobs and was well versed in ways to defeat the procedures employed by liquor licensees to prevent minors from consuming alcohol at the establishments. On November 15, 2002, Plaintiff used a valid Massachusetts license to enter Vision's Nightclub as an over-twenty-one year old. While the license was valid, it was stolen from a woman Seppi worked with, Melissa Michalski, and was being illegally used as part of a scheme by Plaintiff to gain access as an over-twenty-one year old. Putnam, allegedly using her real license entered Vision's as a minor and was given a black mark on her hand. Once inside Vision's Nightclub, Putnam obtained an over-twenty-one bracelet from the floor of the women's restroom. After Plaintiff and Putnam consumed Long Island Ice Teas (a mix of several liquors which Seppi was very familiar with from her bartending experience) at Vision's Nightclub, Plaintiff convinced Putnam to drive her vehicle home to Nashua.

The Plaintiff alleges that the Defendants were negligent in serving alcohol to Putnam, an eighteen-year-old minor, which caused Putnam to crash the car on route 128.

2. **PLAINTIFF'S ACTUAL MEDICAL BILLS AND CHARGES ARE LESS THAN PROFFERED EVIDENCE**

Plaintiff seeks to introduce evidence of medical charges of more than $602,000.00 even though this amount is far in excess of amounts actually paid by the payors.

Defendants object to the introduction of inaccurate medical bills in sums far greater than the amounts actually paid for the treatment. The bills have been improperly redacted to remove the amounts of significant discounts and no one has incurred indebtedness for the inflated

2

amounts and no one will ever be obligated to pay the higher amounts reflected on the bills. Plaintiff seeks a windfall by having the jury consider inflated "special damages" that she will pocket after liens are repaid. Defendants are willing to stipulate to amounts actually paid for treatment once plaintiff provides actual billing and payment records.

## ISSUES PRESENTED

I. **Can Plaintiff recover as damages amounts stated in medical bills that are greater than the actual charges that were paid and incurred for medical services rendered to Plaintiff?**

II. **Even if the bills are admissible as evidence, are they conclusive or do Defendants have a right to challenge the charges by cross-examination of the witness authenticating the bills?**

## ANALYSIS

It is axiomatic that evidence of medical bills is "hearsay," that is, the documents are out of court statements sought to be introduced as proof of the damages due to a personal injury. See, STEIN ON PERSONAL INJURY DAMAGES, §7:6, at p. 7-21 ("Commentary: Medical Bills and the Hearsay Rule"). In order to introduce such hearsay evidence at trial, a litigant must establish that the bills are within an exception to the rule against hearsay. Fed. R. Evid. 802. The customary manner in which such bills are admitted is pursuant to the business record exception, with counsel calling as a witness the custodian of the records and proving that:

> "(1) the witness is the custodian of medical bills for the business,
>
> (2) medical bills are kept in a regular, repetitive procedure in the office,
>
> (3) these bills were prepared by an employee of the medical organization (not necessarily the witness),
>
> (4) the person providing the billing information had a business duty to report the information,

3

 (5) the person reporting the information had personal knowledge of the facts supporting the bill,

 (6) the bill was prepared contemporaneously with the services provided,

 (7) it was a routine practice to prepare the bills in this way,

 (8) the bills were prepared in the regular course of business, and

 (9) the bills being proven were taken by the witness from medical bills filing system."

See, STEIN, supra, at 7-21; Fed. R. Evid. 803.

Of course, the admissibility of medical bills in federal court often is the subject of agreement by the parties when sums are not in dispute, but that convention does not create the right to admission of disputed charges, as plaintiff now claims. As Judge Wyzanski noted long ago:

> "Often the parties stipulate the amount of medical bills. But in the exceptional case where questions are raised as to whether plaintiff needed the medical attention he received or whether the medical bills are reasonable, those questions ought to go to the jury."

See, Jenkins v. Roderick, 156 F. Supp. 299, 305-06 (D. Mass. 1957). Here, where plaintiff seeks recovery of a sum far in excess of the amounts the doctors actually accepted for treatment, defendants have a substantive right to exclude the bills and, even if admitted, to challenge them on cross-examination. Defendants are entitled to establish that the charges are not accurate or "reasonable," since a lower amount was accepted for the treatments.

I. THE PLAINTIFF HAS NO LEGAL RIGHT TO RECOVER UNPAID CHARGES ABOVE THE AMOUNTS PAID FOR THE TREATMENT BY PAYORS

The proffered medical bills state dollar amounts that exceed the amount actually incurred and paid by the insurer for the treatments rendered to the Plaintiff. Neither the Plaintiff nor the

4

insurer have become "legally obligated" to pay the difference between the (higher) amounts appearing on the invoices and the (lower) sums actually paid to – and accepted by – the service providers for the treatments.[1] The Plaintiff effectively seeks a windfall by recovering as damages purported medical charges that she did not pay, did not become obligated to pay, and has no duty to reimburse.

A.      **Massachusetts Law Does Not Permit Recovery Of Unpaid Charges.**

Under Massachusetts law, "the plaintiff is entitled to recover damages [only] for medical expenses she *has paid or has become legally obligated to pay to treat her injury."* BOGDANOW, MASSACHUSETTS TORT DAMAGES, §3.02 (emphasis added). The leading case in Massachusetts is Daniels v. Celeste, 303 Mass. 148, 150, 21 N.E.2d 1 (1939), which clearly stated the rule governing recovery of medical charges:

> "It is settled that in an action for personal injuries the reasonable value of necessary medical and surgical care and of nursing is an element of damage, *but recovery may be had only if the plaintiff has paid for such service, or had incurred a liability therefore."*

Daniels v. Celeste, 303 Mass. at 150 (emphasis added). This rule remains the law today. See, Vol. 1, MASSACHUSETTS JURISPRUDENCE, §5.8, at pp. 152-53 (Lawyers' Coop. Publ. 1992 and 1998 Supp.) ("Recovery is allowed only if the plaintiff had paid for such service or has incurred a liability to pay for it.") See also, Stella v. Curtis, 348 Mass. 458, 463, 204 N.E.2d 457 (1965)(personal injury damages include actual "disbursements for hospitalization and medical attendance").

Plaintiff here seeks recovery for extra sums above the actual medical charges that no one has paid and no one is legally obligated to pay. Upon information, a hospital or physician is

---

[1] Hospitals and the other healthcare providers establish rates of payment for treatments with health insurers, health maintenance organizations (HMOs), and workers compensation carriers by contract or by state regulatory action. Those rates were accepted by Plaintiff's doctors and hospitals.

legally required to accept Medicaid or insurance rates as <u>full payment</u> for the treatment and the physicians cannot look to the injured party for sums above and beyond the payor's payments. Since neither the Plaintiff nor any person or entity paying the bills is legally obligated for the disputed charges, Plaintiff cannot recover in this action the higher amounts stated in the bills, as a matter of law. Therefore, the inflated evidence must be excluded and Plaintiff must establish as a preliminary fact the true amount of medical expenses actually paid for treatments rendered to the Plaintiff.

B.  **U.S. District Court Decisions Do Not Permit Recovery Of Amounts Not Paid Or "Disbursed."**

In <u>Adams v. United States</u>, 964 F. Supp. 511, 525 (D. Mass. 1996), this Court recognized the true measure of damages under Massachusetts law, finding that compensable damages include "disbursements for hospitalization and medical attendance." Since the inflated amounts sought to be recovered by Plaintiff has never been "disbursed" and Plaintiff is not legally liable for the excess sums, no recovery can be had under governing law.

The <u>Adams</u> case also quotes another maxim concerning damages, stating that "the plaintiff is entitled to recover . . . for reasonable expenses *incurred* by her for medical services . . . ." <u>Adams</u>, 964 F. Supp. at 525 (emphasis added), <u>quoting</u>, <u>Rodgers v. Boynton</u>, 315 Mass. 279, 52 N.E.2d 576, 577 (1943). The courts' use of the word *incurred* also mandates exclusion of the plaintiff's bills.

C.  **Since Charges Were Not Legally "Incurred," The Bills Are Not Admissible Or Recoverable In This Action.**

Under Massachusetts law, the Plaintiff never "incurred" the higher medical charges because she did not become legally obligated to pay the amounts. The Supreme Judicial Court has interpreted the legal meaning of "incurred" and held that a litigant has not "incurred" an

indebtedness absent a legal obligation to pay the full amount sought. In Lincoln Street Realty Co. v. Green, 374 Mass. 630, 632, 373 N.E.2d 1172 (1978), the SJC analyzed the word *"incurred"* in the context of a statutory attorneys' fee award. The SJC held that since the litigant was represented by a legal services attorney and thus did not have to pay for the representation, the litigant could not recover any sums for "attorney's fees *incurred*" in the case, because *incurred* means "personally obligated to pay." Lincoln Street Realty, 374 Mass. at 632 (emphasis in original).

Other personal injury cases hold that a personal injury claimant cannot seek recovery of medical bills that were not paid, that were "written off" by a hospital, or that were forgiven by a health care provider. In McAmis v. Wallace, 980 F. Supp. 181, 184 (W.D. Va. 1997), the District Court held that the plaintiff could not seek to recover medical charges above the Medicaid reimbursement rate because no one was liable for the higher amount:

> "Compensatory damages are those allowed as a recompense for loss or injury actually incurred. *An expense can only be incurred, however, when one has paid it or become legally obligated to pay it.*"

McAmis, 980 F. Supp. at 184 (emphasis added; internal citations omitted). The District Court, therefore, held that "because plaintiff has neither paid the write-offs nor become legally obligated to pay them," there can be no recovery in tort for the bills. McAmis, 980 F. Supp. at 184. See, also, Dugger v. United States, 936 F. Supp. 622, 664 (E.D. Mo. 1996) ("As the plaintiff is a qualified recipient of V.A. medical services and therefore has no medical expenses, his damages are limited to lost wages and past and future non-economic damages").

In the present matter, the Plaintiff herself has no right to recover any of the alleged medical expenses. The right of recovery for the expenses belongs solely to the insurer.

The carrier has the right to reimbursement only of the payments actually made for medical treatment. The Plaintiff, is subrogated to the insurer's rights of reimbursement and thus only the <u>actual amount</u> of the charges incurred and paid in full can be sought as damages in this action. The Plaintiff cannot recover for herself the balance of the higher bill sought to be introduced minus the discounted amount for medical charges actually paid.

Any evidence of or award to the Plaintiff for the inflated medical charges constitutes an improper windfall and the unpaid amount of each medical charge must be excluded as evidence as a matter of law.

## II. DEFENDANTS ARE ENTITLED TO LITIGATE THE AMOUNT OF RECOVERABLE MEDICAL BILLS AND TO CROSS-EXAMINE THE RECORD KEEPERS ABOUT SUMS PAID IN FULL SATISFACTION

As a matter of substantive law, the Plaintiff cannot recover the full amounts stated in the proposed evidence and, thus, the bills themselves are not accurate and must be excluded. But even if Plaintiff were able to introduce the bills into evidence, the Defendants must be afforded a full and fair opportunity to cross-examine the recordkeepers to establish the <u>true</u> reimbursement rate and the amounts <u>actually accepted</u> by each provider as full payment for the treatments. <u>See</u>, <u>Victum v. Martin</u>, 367 Mass. 404, 410, 326 N.E.2d 12 (1975). Any award as to the amount of recoverable medical charges presents a jury question and Defendants have a right to fully litigate the issue. Vol. 1, MASSACHUSETTS JURISPURDENCE, at p. 154. The "bill is not, of itself, proof of the reasonable value of the services, and there must be other evidence showing reasonable value before the bills can be considered in assessing damages." STEIN, <u>Supra</u>, at §7.4, at pp. 7-13 to 7-14. Defendants have a right, especially on this record, to challenge the inflated sums sought by Plaintiff unless counsel is willing to stipulate.

Of course, Defendants are cognizant that an examination of the recordkeepers or physicians about actual payments received runs the risk of introducing "collateral source" evidence of insurance. Thus, Defendants have attempted to stipulate to the true sum paid, as has been the long-standing practice in this Court. See, Jenkins v. Roderick, 156 F. Supp. at 305-06. Plaintiff has rejected each such offer concerning the bills and instead have repeatedly accused Defendants of misdeeds because Plaintiff is not permitted to introduce phantom bills that neither the insurer nor Plaintiff is entitled to recover. The Plaintiff improperly seeks to be relieved of their foundational obligations under the Federal Rules of Evidence.

WHEREFORE, the medical charges and bills sought to be introduced by Plaintiff must be excluded.

> Respectfully Submitted,
>
> Defendants,
> Mezzanotte, LLC d/b/a Vision Nightclub
> and Frank C. Amato
> By their attorneys,
>
> *[signature]*
>
> John A. Donovan, Jr., BBO No. 130600
> Kevin G. Kenneally, BBO No. 550050
> Donovan Hatem LLP
> Two Seaport Lane
> Boston, MA 02110
> (617) 406-4500

Dated: November 20, 2005
00959986

I HEREBY CERTIFY THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 11/20/15

*[signature]*