UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12493 RCL

MELISSA SEPPI,                          )
        PLAINTIFF              )
                                        )
vs.                                     )
                                        )
MEZZANOTTE, LLC D/B/A VISION            )
NIGHTCLUB, and FRANK C. AMATO           )
        DEFENDANTS             )

## MOTION IN LIMINE-SEAT BELT

Plaintiff files this motion in limine and respectfully moves the court as follows:

- To instruct defendant and defendant's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

- To instruct defendant's counsel to inform defendant and all witnesses called by defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

- To instruct counsel for defendant that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to plaintiff's cause and would deprive plaintiff of a fair and impartial trial.

Counsel for defendant, defendant, and all witnesses will refrain from referring to or mentioning that:

*Plaintiff was not wearing her seat belt at the time of the motor vehicle crash.*

In support hereof, Chapter 387 of the Acts of 1993, effective February 1, 1994 in section 3 states: " Failure to wear a properly fastened safety belt shall not be considered as contributory negligence or used as evidence in any civil action".

In addition, prior to the adoption of Chapter 387, the Supreme Judicial Court has held that in the absence of expert testimony that the plaintiff's injuries would have been less severe a jury may not consider the plaintiff's failure to wear a seat belt. Absent expert testimony it is speculative as to what injuries the plaintiff would have suffered had she worn the seat belt, for example, had she been wearing her seat belt, she may have suffered spinal cord injuries, or severe compression fractures of the spine.

Therefore, the Plaintiff asks that this motion be allowed and no inquiry whatsoever on the issue of seat belt use be permitted.

MELISSA SEPPI,
By her attorney,

Edward F. Wallace
BBO#: 513540
Law Offices of Edward F. Wallace, P.C.
Olde Boston Square
270 Littleton Road, Unit 22
Westford MA  01886
(978) 589-9995

Dated: November 4, 2005