UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 03 CV 12493 RCL

MELISSA SEPPI,                              )
         PLAINTIFF                    )
                                       )
vs.                                          )
                                       )
MEZZANOTTE, LLC D/B/A VISION                 )
NIGHTCLUB, and FRANK C. AMATO                )
         DEFENDANTS                   )

## MOTION IN LIMINE-THIRD PARTY SETTLEMENT

Plaintiff files this motion in limine and respectfully moves the court as follows:

- To instruct defendant and defendant's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

- To instruct defendant's counsel to inform defendant and all witnesses called by defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

- To instruct counsel for defendant that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to plaintiff's cause and would deprive plaintiff of a fair and impartial trial.

Counsel for defendant, defendant, and all witnesses will refrain from referring to or mentioning that:

*The Plaintiff settled with her auto insurer for the policy limits of $100,000 and with the insurer of Fantasia for the policy limits of $20,000.*

In support hereof, Fed..R. Evid. 408 makes such evidence inadmissible. See Vincent v. Louis Marx & Co., 874 F. 2d 36, 42 (1st Cir. 1989) (evidence of settlement against a motorist excluded in action against tricycle manufacturer by child who was struck by motorist while riding tricycle).

Massachusetts follows the same rule. In Morea v. Cosco 422 Mass. 601 (1996) the Supreme Judicial Court adopted the so-called 'court rule' and held inadmissible evidence of a settlement or the amount of a settlement with a third party.

Therefore, the Plaintiff asks that this motion be allowed and no inquiry whatsoever regarding the plaintiff's settlements or amounts thereof of her other claims be permitted.

MELISSA SEPPI,
By her attorney,

Edward F. Wallace
BBO#: 513540
Law Offices of Edward F. Wallace, P.C.
Olde Boston Square
270 Littleton Road, Unit 22
Westford MA 01886
(978) 589-9995

Dated: November 4, 2005