UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA SEPPI,<br>Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>Defendants. | C.A. NO.: 03 CV 12493 RCL |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION IN LIMINE-"COLLATERAL SOURCE"

The Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato (the "Defendants"), hereby oppose and object to the Plaintiff's Motion in Limine to exclude evidence which Plaintiff erroneously describes as collateral source benefits. Under Massachusetts law, collateral source payments are only those paid benefits which do not reduce the potential liability of the defendant at bar. For instance, workers compensation or health insurance payments are collateral because those payments become a lien and must be repaid from any judgment or settlement.

The prior tort settlements against other wrongdoers here are not at all "collateral." Those payments by law reduce Defendants' liability and, at a minimum, must be deducted from any jury award in favor of Plaintiff. *Morea v. Cosco*, 422 Mass. 601, 603 (1996) (where the settlement bears on other issues in the case, the automatic exclusion does not apply).

Moreover, Plaintiff Seppi and the drunk driver who injured her, Meghan Putnam, now, after reaching a monetary settlement, are actively cooperating to fashion their respective cases against the Defendants. Putnam has filed her own lawsuit in the Massachusetts Superior Court. Putnam and her lawyer have had ex parte meetings with Seppi's team and have created "evidence" for this trial, including purported re-creations of washed-off markings similar to the markings on her hand on the night of the accident. Putnam's hand was photographed professionally and is a proposed exhibit for trial. Defendants object to these contrivances.

1. Massachusetts provides that "compensation received from a third party unrelated to a tortfeasor defendant will not diminish an injured party's recovery from that tortfeasor." *Fitzgerald, P.P.A. v. Expressway Sewerage Constr., Inc.*, 177 F.3d 71, 73 (1st Cir. 1999). The settling parties, however, are tortfeasors and those payments are relevant to the damages, credibility and motive in this case.

2. A live – and vigorously contested – issue at trial will be the credibility of both Seppi and Putnam. The two young adults were joint venturers in their unlawful efforts to violate Massachusetts alcohol laws and to defeat the Defendants' procedures to identify patrons under 21 years of age. Both women used the purloined license of Seppi's 21-year old co-bartender and together hatched the scheme to gain access to Visions. Now, both women and their lawyers are collaborating on their parallel lawsuits against these Defendants.

Although Putnam was the drunk driver who directly caused the accident and Seppi injuries, Putnam has been released from tort liability for a relatively modest

insurance payment and she faces absolutely no personal financial exposure. Her cooperation has been secured by means of this settlement and now the two young adults continue to scheme together and to get each other money from Defendants.

The tort settlement by Putnam (as well as that by the hit-and-run driver who struck Seppi in the roadway) are relevant to motive to fabricate, common scheme, bias, interest in the outcome, and credibility.

3. When such evidence is relevant to some other contested issue, it may be admitted if it is not unfairly prejudicial. *Fitzgerald*, 177 F.3d at 75. See also *Corsetti v. Stone Co.*, 396 Mass.1, 483 N.E.2d 793, 893-804 (1985) (Court upheld introduction of collateral source benefits to contradict victim's testimony of the "lack of money" he experienced as a result of injuries).

4. In *Fitzgerald*, the plaintiff was injured while riding on a parade float. The plaintiffs filed an action against defendants, float owner and operator, to recover damages. *Id.* at 73. The court upheld the admission of collateral source benefit evidence when the victim's mother testified that the medical bills resulting from the victim's accident had financially strained the family. *Id.* at 75-76. On cross-examination, defense counsel argued that the plaintiff's mother's testimony created a false impression that the medical expenses caused financial hardship and sought leave to demonstrate the insurance payments as an antidote. *Id.* at 75.

5. Defendants oppose and object to the Plaintiff's Motion in Limine to exclude evidence regarding the plaintiff's receipt of "collateral source" benefits.

3

For the foregoing reasons, Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato request that Plaintiff's Motion in Limine to preclude evidence regarding her receipt of "collateral source" benefits be DENIED.

Defendants
Mezzanotte, LLC d/b/a Vision Nightclub
and Frank C. Amato
By their attorneys,

*/s/ Kevin G. Kenneally*

John A. Donovan, Jr., BBO No. 130600
Kevin G. Kenneally, BBO No. 550050
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
(617) 406-4500

Dated: November 18, 2005
00958573

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 11/18/05

*/s/ Kevin G. Kenneally*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELISSA SEPPI,<br>Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>Defendants. | )<br>)<br>)<br>)  C.A. NO.: 03 CV 12493 RCL<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION IN LIMINE:
## OTHER EFFORTS TO USE FALSE ID TO PROCURE LIQUOR

The Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato (the "Defendants"), hereby oppose and object to the Plaintiff's Motion in Limine to exclude evidence regarding the Plaintiff's prior efforts to procure liquor illegally.

Plaintiff Melissa Seppi was an adult – though under 21 years of age – professional bartender. Trial evidence will establish that Plaintiff received intensive alcohol training from the New Hampshire Liquor Control authorities and as part of her employer's alcohol awareness training. Seppi was trained to spot intoxicated patrons and was trained in the recognition of false driver's licenses and liquor identification cards.

Seppi used this high degree of knowledge about nightclub and restaurant protocols and procedures to defeat the safeguards of establishments throughout Southern New Hampshire and in Massachusetts.

Plaintiff's own testimony establishes that she traveled to New York City to obtain an authentic-appearing Illinois driver's license which would pass muster when compared to the book of identifications that restaurants and bars are required to keep. At the time

of the subject accident, she had criminal charges pending for her illegal use of the false I.D., yet she did not stop her illegal activity.

Moreover, after her Illinois identification was confiscated as evidence, Seppi and her cohorts stole the Massachusetts driver's license of a fellow bartender and Plaintiff illegally used the purloined identification to gain access to the subject nightclub.

It is axiomatic that evidence of other unlawful activity is admissible to show motive, context, opportunity or intent to commit an act. Fed. R. Evid. 404(b); WEINSTEIN'S FEDERAL EVIDENCE, §104.30(4). Where there is a pattern of unlawful and self-destructive behavior – even after being arrested for forgery and violating liquor identification laws – the evidence is relevant and admissible. *U.S. v. Bradley*, 390 F.2d 145, 155-56 (1st Cir. 2004) (other instances of bad acts admissible).

    1.    This is not a case where unrelated criminal involvements are offered for the purpose of demonstrating that the accused had a propensity to commit crime. See *United States v. Taylor*, 284 F.3d 95, 101 (1st Cir. 2002); *United States v. Barrett*, 539 F.2d 244, 248 (1st Cir. 1976); *United States v. Buchanan*, 930 F. Supp. 657, 666 (D. Mass. 1996); Fed. R. Evid. 404(b). However, if such evidence is relevant to another, legitimate purpose it may be admitted if its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. Balancing these concerns lies within the broad discretion of the trial Judge. *See* Fed. R. Evid. 403; *United States v. Andiarena*, 823 F.2d 673, 677-678 (1st Cir. 1987); *United States v. Cepulonis*, 530 F.2d 238, 246 (1st Cir. 1976); *United States v. Barrett*, 539 F.2d 244, 248 (1st Cir. 1976).

2. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b); <u>Bonilla v. Yamaha Motors Corp.</u>, 955 F.2d 150, 154 (1st Cir. 1992). Indeed, here the prior acts evidence completely refutes the basis of Plaintiff's claims: that she was a young unaware girl who was a victim of the nightclub. In fact, this highly-trained adult sentiently set out on a scheme to defeat the protocols of the Defendants and to intentionally violate state liquor laws.

3. When separate offenses form parts of a common scheme, one offense may be shown for its bearing upon the others. <u>United States v. Hopkinson</u>, 492 F.2d 1041 (1st Cir. 1974); <u>Green v. United States</u>, <u>supra</u>; see Fed. R. Evid. 404(b).

4. Defendants oppose and object to the Plaintiff's Motion in Limine to exclude evidence regarding the Plaintiff's prior arrest and reserve the right to use such evidence to the extent it relates to Plaintiff's common scheme or plan, guilty knowledge, intent or motive.

5. Plaintiff's extraordinary efforts to violate the laws she was trained to enforce and use of a fake ID tends to show her knowledge in ways to defeat the procedures employed by liquor licensees to prevent minors from consuming alcohol at establishments. This negates her victim-hood and is relevant to whether reasonable measures by Defendant were defeated by a wily and determined law breaker. Further, the arrest and related conduct demonstrate Seppi's preparation and common scheme used to gain access to establishments and even ongoing criminal prosecution did not deter her.

3

The danger of prejudice falls short of substantially outweighing the probative value of the arrest.

For the foregoing reasons, Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato request that Plaintiff's Motion in Limine to preclude evidence regarding her prior arrest be DENIED.

Defendants
Mezzanotte, LLC d/b/a Vision Nightclub
and Frank C. Amato
By their attorneys,

*/s/ Kevin G. Kenneally*

John A. Donovan, Jr., BBO No. 130600
Kevin G. Kenneally, BBO No. 550050
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
(617) 406-4500

Dated: November 18, 2005
00958597

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 11/18/05

*/s/ Kevin G. Kenneally*