UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA SEPPI,<br>Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>Defendants. | C.A. NO.: 03 CV 12493 RCL |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION IN LIMINE-THIRD PARTY SETTLEMENT

The Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato (the "Defendants"), hereby oppose, pursuant to Fed. R. Evid. 408, and object to the Plaintiff's Motion in Limine to exclude evidence regarding the Plaintiff's settlement with the auto insurer for the drunk driver, Meghan Putnam, and with the insurer of Fantasia, the hit-and-run driver who caused Seppi's injuries  Rule 408 specifically permits Defendants to use the evidence. Fed. R. Evid. 408. Defendants incorporate by reference their opposition to "collateral source" motion in limine.

1. Massachusetts follows the "court rule" which excludes evidence of the amount of a settlement entered into between a plaintiff and a joint tortfeasor only on the issues of damages and the defendant's liability. *Morea v. Cosco*, 422 Mass. 601, 602-603 (1996). Defendants want to establish the fact of the releases and collaboration, not the amounts.

2. When such evidence is relevant for some other appropriate purpose, where it will bear on some issue other than damages, <u>viz.</u>, credibility, plan, bias, motive, recent fabrication, joint venture, "an automatic rule of exclusion should not be applied." <u>Morea</u>, 422 Mass. at 603. Here, the small insurance settlement – and release of any Putnam personal exposure – bought Putnam's cooperation and both young adults' trial teams have been meeting <u>ex parte</u> and ginning up trial evidence, including staged photographs which they intend to use at their respective trials. The women still are actively collaborating to make their stories mesh in order to fashion dram shop liability. Credibility, bias, motive, prejudice, recent fabrication, and several other relevant bases require this Court to permit Defendants to introduce evidence of the release, settlement and continued collaboration between the joint venturers.

3. Pursuant to Fed. R. Evid. 408, evidence should not be excluded here when it is offered for a purpose other than liability, "such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." <u>Vincent v. Louis Marx & Co.</u>, 874 F.2d 36, 42 (1st Cir. 1989), citing, Fed. R. Evid. 408.

4. Defendants oppose and object to the Plaintiff's Motion in Limine to exclude evidence regarding the Plaintiff's settlement with Putnam and the auto insurer and with the insurer of hit-and-run driver, Fantasia, and reserve the right to use such evidence because it is relevant for some other purpose, such as proving bias, motive, or prejudice of a witness.

For the foregoing reasons, Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato request that Plaintiff's Motion in Limine to preclude evidence regarding her third-party settlement be DENIED.

Defendants
Mezzanotte, LLC d/b/a Vision Nightclub
and Frank C. Amato
By their attorneys,

*/s/ Kevin G. Kenneally*

John A. Donovan, Jr., BBO No. 130600
Kevin G. Kenneally, BBO No. 550050
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
(617) 406-4500

Dated: November 18, 2005
00959095

*[Certificate of service stamp with signature of Kevin G. Kenneally, dated 11/18/05]*

3