UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA SEPPI,<br>Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>Defendants. | C.A. NO.: 03 CV 12493 RCL |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION IN LIMINE:
### <u>OTHER EFFORTS TO USE FALSE ID TO PROCURE LIQUOR</u>

The Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato (the "Defendants"), hereby oppose and object to the Plaintiff's Motion in Limine to exclude evidence regarding the Plaintiff's prior efforts to procure liquor illegally.

Plaintiff Melissa Seppi was an adult – though under 21 years of age – professional bartender. Trial evidence will establish that Plaintiff received intensive alcohol training from the New Hampshire Liquor Control authorities and as part of her employer's alcohol awareness training. Seppi was trained to spot intoxicated patrons and was trained in the recognition of false driver's licenses and liquor identification cards.

Seppi used this high degree of knowledge about nightclub and restaurant protocols and procedures to defeat the safeguards of establishments throughout Southern New Hampshire and in Massachusetts.

Plaintiff's own testimony establishes that she traveled to New York City to obtain an authentic-appearing Illinois driver's license which would pass muster when compared to the book of identifications that restaurants and bars are required to keep. At the time

of the subject accident, she had criminal charges pending for her illegal use of the false I.D., yet she did not stop her illegal activity.

Moreover, after her Illinois identification was confiscated as evidence, Seppi and her cohorts stole the Massachusetts driver's license of a fellow bartender and Plaintiff illegally used the purloined identification to gain access to the subject nightclub.

It is axiomatic that evidence of other unlawful activity is admissible to show motive, context, opportunity or intent to commit an act. Fed. R. Evid. 404(b); WEINSTEIN'S FEDERAL EVIDENCE, §104.30(4). Where there is a pattern of unlawful and self-destructive behavior – even after being arrested for forgery and violating liquor identification laws – the evidence is relevant and admissible. _U.S. v. Bradley_, 390 F.2d 145, 155-56 (1st Cir. 2004) (other instances of bad acts admissible).

    1.    This is not a case where unrelated criminal involvements are offered for the purpose of demonstrating that the accused had a propensity to commit crime. See _United States v. Taylor_, 284 F.3d 95, 101 (1st Cir. 2002); _United States v. Barrett_, 539 F.2d 244, 248 (1st Cir. 1976); _United States v. Buchanan_, 930 F. Supp. 657, 666 (D. Mass. 1996); Fed. R. Evid. 404(b). However, if such evidence is relevant to another, legitimate purpose it may be admitted if its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. Balancing these concerns lies within the broad discretion of the trial Judge. _See_ Fed. R. Evid. 403; _United States v. Andiarena_, 823 F.2d 673, 677-678 (1st Cir. 1987); _United States v. Cepulonis_, 530 F.2d 238, 246 (1st Cir. 1976); _United States v. Barrett_, 539 F.2d 244, 248 (1st Cir. 1976).

2. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b); <u>Bonilla v. Yamaha Motors Corp.</u>, 955 F.2d 150, 154 (1st Cir. 1992). Indeed, here the prior acts evidence completely refutes the basis of Plaintiff's claims: that she was a young unaware girl who was a victim of the nightclub. In fact, this highly-trained adult sentiently set out on a scheme to defeat the protocols of the Defendants and to intentionally violate state liquor laws.

3. When separate offenses form parts of a common scheme, one offense may be shown for its bearing upon the others. <u>United States v. Hopkinson</u>, 492 F.2d 1041 (1st Cir. 1974); <u>Green v. United States, supra;</u> see Fed. R. Evid. 404(b).

4. Defendants oppose and object to the Plaintiff's Motion in Limine to exclude evidence regarding the Plaintiff's prior arrest and reserve the right to use such evidence to the extent it relates to Plaintiff's common scheme or plan, guilty knowledge, intent or motive.

5. Plaintiff's extraordinary efforts to violate the laws she was trained to enforce and use of a fake ID tends to show her knowledge in ways to defeat the procedures employed by liquor licensees to prevent minors from consuming alcohol at establishments. This negates her victim-hood and is relevant to whether reasonable measures by Defendant were defeated by a wily and determined law breaker. Further, the arrest and related conduct demonstrate Seppi's preparation and common scheme used to gain access to establishments and even ongoing criminal prosecution did not deter her.

The danger of prejudice falls short of substantially outweighing the probative value of the arrest.

For the foregoing reasons, Defendants, Mezzanotte, LLC d/b/a Vision Nightclub and Frank Amato request that Plaintiff's Motion in Limine to preclude evidence regarding her prior arrest be DENIED.

>                                    Defendants
>                                    Mezzanotte, LLC d/b/a Vision Nightclub
>                                    and Frank C. Amato
>                                    By their attorneys,
>
>                                    /s/ Kevin G. Kenneally
>                                    John A. Donovan, Jr., BBO No. 130600
>                                    Kevin G. Kenneally, BBO No. 550050
>                                    Donovan Hatem LLP
>                                    Two Seaport Lane
>                                    Boston, MA 02110
>                                    (617) 406-4500

Dated: November 18, 2005
00958597

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 11/18/05

/s/ Kevin G. Kenneally

4