UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELISSA SEPPI,<br>    Plaintiff,<br><br>v.<br><br>MEZZANOTTE, LLC d/b/a VISION<br>NIGHTCLUB and FRANK C. AMATO,<br>    Defendants. | C.A. NO.: 03 CV 12493 RCL |

## DEFENDANTS' OPPOSITION
## TO MOTION IN LIMINE – SEAT BELT

Defendants hereby oppose Plaintiff's Motion in Limine to exclude evidence about Plaintiff's non-use of her seat belt. Defendants are not being sued for an automobile tort and the seat belt special law cited does not apply. Indeed, Defendants do not intend to offer seat belt non-use as evidence of negligence by Plaintiff (which arguably is prohibited by the special act).

Rather, the Plaintiff claims she and her cohort both were ejected from the vehicle due to non-use of safety belts (and Plaintiff disputes that she was fleeing the scene of her crime) and she claims she was lying in the highway when yet another vehicle struck and injured her.

The disputed evidence is relevant to several trial issues, including foreseeability, proximate causation, credibility, fabrication, and whether Plaintiff – an adult – caused the injuries to herself, thereby barring recovery under G.L. ch. 231, §85T, the Massachusetts dram shop act:

> "In any action for personal injuries ... caused by or arising out of the negligent serving of alcohol to an intoxicated person by a licensee, ... no such intoxicated person who causes injuries to himself, may maintain an action against the said licensee ... in the absence of willful, wanton or reckless conduct on the part of the licensee ..."

G.L. ch. 231, §85T.

Here the Plaintiff knowingly gave her car keys to her joint venturer after they were drinking "Long Island Iced Teas" – a potent multi-liquor cocktail that Seppi had been professionally trained about and which she limited to her own customers. Seppi permitted the driver to operate her vehicle drunk and Plaintiff <u>claims</u> she did not use a seat belt, leading to being "ejected" from the vehicle. Of course, Seppi already was facing criminal charges in New Hampshire and reportedly was fleeing the scene on foot. The jury needs to assess the credibility or lack of credibility of these two women's shifting versions of events and whether any alleged wrongdoing – indeed, proof of gross negligence is essential – by Defendants played any causative role in the ultimate injury. Moreover, a jury hearing <u>all</u> facts can fairly determine credibility and if Plaintiff's own scheme and illegal activities caused her own injuries.

Defendants,
Mezzanotte, LLC d/b/a Vision Nightclub
and Frank C. Amato
By their attorneys,

/s/ Kevin G. Kenneally

John A. Donovan, Jr., BBO No. 130600
Kevin G. Kenneally, BBO No. 550050
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
(617) 406-4500

Dated: November 22, 2005
00961023.DOC

I HEREBY CERTIFY THAT THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/BY HAND ON 11/22/05

/s/ Kevin G. Kenneally

2